DOUCET, Judge.
On August 30, 1986, Morris Serialle’s 1983 Oldsmobile automobile was struck from the rear while stopped at the intersection of Parish Road 5-75-3 and U.S. 167 in St. Landry Parish, Louisiana, by a 1986 Chevrolet automobile owned and operated by Linda F. Coleman which had been struck from the rear by a 1984 Toyota owned and operated by Romlus Comeaux, Jr. Arnold Semien (Semien), Leroy Bel-lard, and Emery Semien were all guest passengers in Morris Serialle’s vehicle at the time of the accident and suffered injuries as a result of the collision. Comeaux, the owner and operator of the first vehicle which caused the chain collision, was arrested following the accident for violations of La.R.S. 32:58 (Failure to maintain control of a motor vehicle) and La.R.S. 14:98 (Operating a vehicle while intoxicated).
Semien suffered injuries to his neck and right arm as a result of the accident. Sem-ien was taken by ambulance to a local hospital where he was treated and released. The following Monday, Semien sought further treatment from Dr. John Tassin, Jr. Semien was treated by Dr. Tassin for about a month which resulted in some relief of the neck injury through physical therapy, but the arm injury became more symptomatic. Dr. Tassin’s attending physician’s report described Sem-ien’s injury as a cervical sprain, a musculo-ligamentous injury to the right shoulder and an entrapment of the ulna nerve at the elbow.
Semien was subsequently seen by Dr. L. Lazaro, III, an orthopedic surgeon, who diagnosed Semien’s arm injury as a neuro-pathy of the ulna nerve at the elbow. Dr. Lazaro was of the opinion that Semien was losing power in his right arm due to the fact that the ulna nerve problem was affecting the muscles that are responsible for Semien’s grip. Dr. Lazaro recommended that Semien undergo surgery to relieve some of the pain caused by the constant irritation of the nerve located in the elbow and to reduce some of the strength loss already incurred in the armi Dr. Lazaro was of the opinion that the total cost of the surgery would be approximately $4,100.00.
Dr. Lazaro referred Semien to Dr. Do-mingue, a neurologist, to perform electrical studies on Semien. The studies confirmed Lazaro’s initial diagnosis of entrapment of the right ulna nerve at the elbow.
Semien filed suit on February 19, 1987 against Serialle’s uninsured motorist insurer, Champion Insurance Company (Champion), and against his own uninsured motorist carrier, Safeway Insurance Company (Safeway), seeking damages for the injuries he sustained in the accident.
Semien then settled his claims against Champion for the policy limits of $10,000.00 plus medical expenses of $1,184.25. Sem-ien then sought a settlement with Safeway. On April 10, 1987, Semien provided Safeway with copies of all of his medical bills and requested Safeway to tender its policy limits in light of the serious and permanent nature of his injuries. Semien included copies of medical reports verifying the serious and permanent nature of his injuries. Additionally, the settlement release form between Semien and Champion was sent to Safeway showing that Champion had paid its uninsured motorist policy limits of $10,-000.00 plus $1,184.25 in medical payments to Semien. Another letter was sent to Safeway on July 23, 1987, requesting that Safeway tender its policy limits of $10,-000.00. Also included in the letter was the fact that Dr. Lazaro recommended ulna nerve transposition surgery which would cost a little over $4,000.00. On October 20, 1987, approximately six months after Sem-ien’s initial request for payment under his uninsured motorist policy with Safeway, Safeway tendered $2,500.00 to Semien.
Semien proceeded with a trial on the merits and after a completion of the trial, the district court found in favor of *844 Semien and against Safeway. In its reasons for judgment, the court found that the sole cause of the accident was due to the negligence of Romlus Comeaux, Jr. The court then outlined the medical evaluations of Dr. Tassin, Dr. Lazaro and Dr. Do-mingue. The court noted that Semien was still suffering from pain, numbness and impairment of function of his right hand and that his medical expenses will amount to over $5,000.00. The court then awarded general damages to Semien in the amount of $20,000.00. Because Safeway was aware of the ulna nerve problem as it first appeared in Dr. Tassin’s report of October 7, 1987, and because the $2,500.00 tender by Safeway was inadequate, the court awarded Semien penalties and attorney’s fees in the amount of $5,000.00.
Safeway appeals this judgment seeking a reduction in the amount of the general award and reversal of the judgment insofar as it allows penalties and attorney’s fees.
We have carefully reviewed the record and find no error of law or manifest error as to the findings of fact made by the district court. Accordingly, the judgment of the district court is affirmed. All costs of this appeal are assessed to defendant-appellant, Safeway Insurance Company.
AFFIRMED.